Argued March 3; reversed March 10, 1936.

# HEISLER *v.* HEISLER
(55 P. (2d) 727)

*E. B. Tongue,* of Hillsboro, for appellant.

*C. M. Hodges,* of Portland (Hodges & Gay, of Portland, on the brief), for respondent.

CAMPBELL, C. J. This is a suit for the dissolution of the marriage contract.

The plaintiff filed her complaint in which she alleges that she and defendant intermarried on May 5, 1915; that they lived together as man and wife for 18 years; that the issue of said marriage was four children—two sons, Harrison D. Heisler and Richard C. Heisler, aged respectively 16 and 14 years at the time of the filing of the complaint, and two daughters, Pauline D. Heisler and Betty May Heisler, aged at the same time, 13 and 10 years respectively. Plaintiff then alleges a course of cruel and inhuman treatment on the part of defendant towards her, and specifies acts of cruelty rendering her life burdensome and unbearable. She asks for a divorce, the custody of the children and certain sums as alimony and support of the children.

Defendant filed his answer denying all the alleged acts of cruel and inhuman treatment on his part, and alleges, for a further and separate answer and by way of counterclaim, the jurisdictional facts and certain acts of misconduct on the part of plaintiff amounting to adultery.

For a second further and separate answer and defense and by way of counterclaim, defendant alleges that plaintiff had been guilty of cruel and inhuman treatment towards the defendant rendering his life burdensome and unbearable. Defendant then specifies the particular acts of cruelty and the dates on which they took place. He alleges, among other acts, that plaintiff accused him of being intimate with other women; that plaintiff, on different occasions, would

leave his home without his consent, and sometimes without his knowledge, and would remain away for a week or 10 days before returning; that, in the year 1921, she began a suit for divorce against him in Washington county and in her complaint made many false and scandalous charges against him; that thereafter she admitted that said allegations were false and had said suit dismissed without a hearing and had said complaint withdrawn from the files; that she would, on occasion, assault and beat defendant and that she would curse him and call him vile and obscene epithets; and was guilty of numerous other acts of cruelty towards him.

The new matter was denied in the reply.

Sometime before the commencement of this suit, plaintiff left the home of defendant and took with her the two minor girls, since which time she has lived in Portland separate and apart from defendant.

The suit came on for trial and much evidence was introduced in support of the allegations of the complaint as well as of the answer. The learned and experienced trial judge, thinking that there might be a possibility of a reconciliation being effected between the parties, took the cause under advisement. Thereafter, the judge, no doubt still entertaining the same belief, dismissed the suit without making findings of fact except a general finding that they were both at fault.

■ In the state of Oregon, marriage is a civil contract entered into with the consent of the state, between a man and woman, competent to so contract, in the presence of two witnesses, solemnized by some one authorized by statute for that purpose. The terms and conditions of the contract are not reduced to writing nor particularly specified and are seldom fully comprehended by the parties entering into it. When the parties find the contract irksome and burdensome, they apply

to a court of competent jurisdiction for its dissolution. The statute provides the grounds upon which the contract may be dissolved and one of these grounds is cruel and inhuman treatment on the part of one against the other, rendering the life of the one, against whom it is practiced, burdensome and unbearable.

The interest of the state in the contract is that the race may be perpetuated in an orderly manner, and children raised in such surroundings as to make them desirable future citizens and that such children shall not become a burden or a charge on the community.

■ In a suit for the dissolution of the marriage contract, this court has frequently announced that, where both parties are at fault, neither one is entitled to be relieved from the burdens and responsibilities of the marriage contract and we need not depart from that rule in the instant case.

■ In the case at bar, a careful reading of the testimony leads us to the conclusion that the husband was not guilty of the cruel and inhuman treatment alleged in the complaint. There is no evidence tending to show that the husband was guilty of immoral conduct with, or that he associated with other women in an immoral way. There is no evidence except that of plaintiff's that he ever struck or abused plaintiff or used any force except what was necessary in self-defense. Nor is there a preponderance of evidence tending to substantiate plaintiff's allegations of other acts of cruel and inhuman treatment. On the other hand, there is undisputed evidence that plaintiff filed a suit for divorce against defendant in May, 1921, charging him with many acts tending to bring him into disrepute; that she admitted in the presence of the deputy sheriff that said allegations were false; that she thereafter dismissed said cause on her own motion and without a

hearing. She admits having left him on numerous occasions and remained away for some time, her contention being, however, that she left through fear of defendant.

No good could come from keeping these people bound by a contract, the substance of which has been destroyed and there is nothing left but a shadow. Plaintiff is living in Portland separate and apart from her husband and refuses to return. The defendant is living on his farm near Gales Creek in Washington county and says that he has no desire to have plaintiff return. Two children are living with the plaintiff and two with the defendant. The family is broken up and a continuation of the contract will not keep them together. There is no evidence that either party is attempting to alienate the affections of the children from the other; or that the children are not properly cared for by the one in whose custody they are living. There is no necessity of passing on the other cause of counterclaim of defendant.

The marriage contract should be dissolved on the suit of the husband.

■■ The difficult question to determine is: "What is the proper disposition of the children? The boys, Harrison Dean Heisler and Richard C. Heisler, are living with defendant, and their care and custody should be awarded to him. The two girls, Pauline D. Heisler and Betty May Heisler, are, and for more than one year have been, living with plaintiff, and their care and custody should be awarded to her. Neither party is to take the children out of the state of Oregon without special permission of the trial court. As the court retains jurisdiction over these children until they become of age, application may be made for change of such custody if conditions change.

■ The defendant shall contribute $20 per month to the support of the children awarded to plaintiff until the elder shall reach the age of 18 years; thereafter the sum of $10 per month until the younger shall reach the age of 18 years. The first payment is to be made on or before April 15, 1936, and the following payments on or before the 15th day of each month thereafter.

Each parent will be permitted to visit the children in the care of the other, and the children will be permitted to visit the parent, who does not have their care, at all reasonable and seasonable times. Neither party shall recover costs.

The decree of the circuit court will be reversed and one entered here in accordance herewith.

It is so ordered.

KELLY, ROSSMAN and RAND, JJ., concur.